NO. 07-09-0067-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 13, 2009

______________________________


JOSEPH AKA JOEY H. JEFFREY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-418170; HONORABLE WELDON KIRK, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Following a plea of not guilty, Appellant, Joseph aka Joey H. Jeffrey, was convicted
by a jury of intoxication assault


 with a vehicle with an affirmative deadly weapon finding. 
He pled true to two enhancements. Punishment was assessed by the trial court at
confinement for life. After an appeal from his conviction was dismissed by this Court for
his counselâs failure to timely file a notice of appeal, Appellant prosecuted a writ of habeas
corpus alleging ineffective assistance of counsel and was granted an out-of-time appeal
by the Texas Court of Criminal Appeals. In presenting this appeal, counsel has filed an
Anders


 brief in support of a motion to withdraw. We grant counselâs motion and affirm.
Â Â Â Â Â Â Â Â Â Â In support of his motion to withdraw, counsel certifies he has conducted a
conscientious examination of the record and, in his opinion, the record reflects no
potentially plausible basis to support an appeal. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Schulman, 252 S.W.3d 403, 406
(Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities,
the appeal is frivolous. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). 
Counsel has demonstrated that he has complied with the requirements of Anders and In
re Schulman by (1) providing a copy of the brief to Appellant, (2) notifying him of his right
to file a pro se response if he desired to do so, and (3) informing him of his right to review
the record. In re Schulman, 252 S.W.3d at 408.


 By letter, this Court granted Appellant
thirty days in which to exercise his right to file a response to counselâs brief, should he be
so inclined. Id. at 409 n.23. Appellant did file a response. The State, however, did not
favor us with a brief.
Â Â Â Â Â Â Â Â Â Â Late at night on September 23, 2007, Appellant, while intoxicated, was driving on
the wrong side of North Loop 289 and struck the complainantâs pickup with his car. A
witness who observed Appellant driving at a high rate of speed while swerving called 911. 
A Lubbock Police Officer responded to the call and observed Appellant, who was
unresponsive, sitting in his car stopped in the middle of the road. Appellant and the
complainant were both injured and the officer called for medical assistance. The officer
followed the ambulance to the hospital to interview Appellant and the complainant. 
Â Â Â Â Â Â Â Â Â Â According to the officer, Appellant showed symptoms of being intoxicated. 
Warnings were administered and Appellant consented to a blood specimen. At trial,
testimony was presented that Appellantâs sample contained 0.31 grams of alcohol per 100
milliliters of bloodâor his blood alcohol content was .263, well above the legal limit. The
officer visited the complainant in the hospital to assess her injuries. He testified that she
suffered deep lacerations to her left arm, left knee, left ankle, had a broken wrist, and
bruising to her upper torso. At the time of trial, she testified she had undergone multiple
surgeries to treat her injuries.
Â Â Â Â Â Â Â Â Â Â An investigation confirmed that Appellant had traveled the wrong way on North Loop
289 and crashed into the complainantâs pickup at a high rate of speed. Appellant was
arrested and indicted for, among other charges, driving while intoxicated and using or
exhibiting a deadly weapon, to wit: an automobile, that in the manner of its use and
intended use was capable of causing death or serious bodily injury. The indictment was
enhanced by two felonies. 
Â Â Â Â Â Â Â Â Â Â Â We have independently examined the entire record to determine whether there are
any non-frivolous issues which might support the appeal. See Penson v. Ohio, 488 U.S.
75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); In re Schulman, 252 S.W.3d at 409; Stafford
v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. 
See Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record,
counselâs brief, and Appellantâs pro se response, we agree with counsel that there are no
plausible grounds for appeal. See Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App.
2005).
Â Â Â Â Â Â Â Â Â Â Accordingly, counsel's motion to withdraw is granted and the trial courtâs judgment
is affirmed. 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Patrick A. Pirtle

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice



Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Do not publish.




deWhenUsed="false" Name="Medium List 2 Accent 5"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00451-CR

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL B

Â 



AUGUST
3, 2011

Â 



Â 

CLARENCE CERF, APPELLANT

Â 

v.

Â 

THE STATE OF TEXAS, APPELLEE 



Â 



Â 

 FROM THE 251ST DISTRICT COURT OF
POTTER COUNTY;

Â 

NO. 55,527-C; HONORABLE PATRICK PIRTLE, JUDGE



Â 



Â 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

Â 

Â 

ORDER
OF ABATEMENT AND REMAND

Appellant,
Clarence Cerf, filed a notice of appeal from his conviction for assault on a
public servant, and sentence of 55 yearsÂ incarceration and $5,000 fine.Â  The appellate court clerk received and filed
the trial court clerk=s record on March 17, 2011.Â  The official court reporter filed the
reporterÂs record with the Clerk of this Court on May 19.Â  Consequently, appellantÂs brief was due to be
filed on or before June 20.Â  Appellant
filed a request for extension of time to file the brief on June 22.Â  This motion was granted and the deadline for
the brief was extended to July 11.Â  On
July 18, this Court sent appellant notice that his brief was past due.Â  In that letter, this Court informed appellant
that, if he failed to file his brief by July 28, the appeal will be abated and
the cause remanded to the trial court without further notice.Â  To date, appellant has not filed his brief
nor responded to our July 18 correspondence.

Accordingly,
we now abate this appeal and remand the cause to the trial court.Â  See Tex.
R. App. P. 38.8(b)(2).Â  Upon
remand, the judge of the trial court is directed to immediately cause notice to
be given of and to conduct a hearing to determine: (1) whether appellant
desires to prosecute this appeal; (2) if appellant desires to prosecute this
appeal, whether appellant is indigent and whether appellant desires that
counsel be appointed to represent him on the appeal; and (3) what orders, if
any, should be entered to assure the filing of appropriate notices and
documentation to dismiss appellant=s appeal if appellant does not desire to prosecute this
appeal or, if appellant desires to prosecute this appeal, to assure that the
appeal will be diligently pursued.Â  If
the trial court appoints counsel for appellant or if appellant retains counsel,
the court should cause the Clerk of this Court to be furnished the name,
address, and State Bar of Texas identification number of the newly-appointed or
newly-retained attorney.Â  

The
trial court is directed to: (1) conduct any necessary hearings; (2) make and
file appropriate findings of fact, conclusions of law, and recommendations and
cause them to be included in a supplemental clerk=s record; (3) cause the hearing proceedings to be transcribed
and included in a supplemental reporter=s record; (4) have a record of the proceedings made to the
extent any of the proceedings are not included in the supplemental clerk=s record or the supplemental reporter=s record; and (5) cause the records
of the proceedings to be sent to this Court.Â 
See Tex. R. App. P. 38.8(b)(3).Â  In the absence of a request for extension of
time from the trial court, the supplemental clerk=s record, supplemental reporter=s record, and any additional proceeding records, including
any orders, findings, conclusions, and recommendations, are to be sent so as to
be received by the Clerk of this Court not later than August 31, 2011. Â Â Â Â Â Â Â Â Â Â  

Â 

Per
Curiam

Do not publish.

Â 

Â Â Â Â Â Â Â Â Â Â Â  








Â